*Roe, for appellant.*

*Attorney General, for appellee.*

---

COMMONWEALTH OF KENTUCKY FOR THE USE OF STEINAUGH, ETC.,
*v.* M. D. ROTHWELL, ETC.

**Executions—Sale. Under—Taking Bond—Sheriff's Return Prima Facie Evidence Of—Lost Bond.**

The sheriff's return on an execution that he has made a sale of the property and taken bond from the purchaser is prima facie evidence of the fact, but in an action on his official bond for failure to take a sale bond, it is incumbent on him to prove that fact, where the bond is lost or misplaced by him.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

November 1, 1871.

OPINION BY JUDGE PRYOR:

In this case it is made to appear from the evidence that no sale bond was ever executed to the appellants for the amount of their execution. The return of the sheriff may be *prima facie* evidence that the sale was made and the bond executed, but in this strict proceeding against him it is incumbent on him to show that a bond was executed in order that the plaintiffs may make their money, and it certainly should be required of the sheriff, when the clerk testifies that no such bond was returned to his office. He can easily ascertain the names of the obligors

if any such bond was given, and at least ought to be required to disclose them. The sheriff in this case, before he can be released, must enable the appellant to proceed against the parties on this sale bond that he alleges was executed for the amount of plaintiff's execution. He has credited the execution by the amount of the sale, and is certainly liable under this bond which was executed and returned to the office, and if lost, or misplaced by him, he must give the names of the parties signing it, and for this purpose he is permitted to amend his answer. The judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Ricketts*, for appellant.

*M. D. Hay*, for appellee.